UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHANEEKA ROBINSON                                           CIVIL ACTION

VERSUS                                                      NO. 24-940

THE NEW ORLEANS AVIATION                                    SECTION: "J"(4)
BOARD BY AND THROUGH THE
CITY OF NEW ORLEANS ET AL.

## ORDER AND REASONS

Before the Court is a *Motion to Bifurcate Bench Trial for the City of New Orleans by and through the New Orleans Aviation Board, and ACE Property and Casualty Insurance Company* **(Rec. Doc. 17)**, filed by Defendants City of New Orleans, by and through the New Orleans Aviation Board ("NOAB"), and ACE Property and Casualty Insurance Company ("ACE"). Local Rule 7.5 of the Eastern District of Louisiana requires that memoranda in opposition with citations of authorities be filed and served no later than eight (8) days before the noticed submission date. Defendants set the motion for submission on May 28, 2025. Plaintiff, however, has failed to file a timely opposition to the motion.

Nonetheless, the motion does not appear to the Court to have merit. This action was removed from the Civil District Court for the Parish of Orleans pursuant to federal diversity jurisdiction of 28 U.S.C. § 1332. Neither NOAB nor ACE had been served with the state court pleadings at the time of removal. Thus, their consent to removal was not required, 28 U.S.C. § 1446(b)(2)(A), and the forum-defendant rule was inapplicable, *Texas Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485–87 (5th Cir. 2020) (discussing 28 U.S.C. § 1441(b)(2)).

1

With jurisdiction proper, the Court applies the hornbook rules for diversity actions. *Erie R. Co. v. Tompkins,* 304 U.S. 64 (1938). The *Erie* doctrine, in its most simplistic form, provides that a federal court sitting in diversity will apply state substantive law and federal procedural law. Here, NOAB and ACE contend the claims they face must proceed by means of a nonjury trial due to the prohibition found in Louisiana Revised Statute § 13:5105(A). Applying the Louisiana statute to this action against a state political subdivision (NOAB), its insurer (ACE), and private entities (Defendants Southwest Airlines Company and United States Aircraft Insurance Group), NOAB and ACE recommend trial bifurcation.

The argument misses the import of the state statute. Louisiana Revised Statute § 13:5105(A), with its limitation on jury trials against state political subdivisions, is procedural in nature. *See Chatzicharalambus v. Petit*, 73 F.R.D. 417, 419 (E.D. La. 1977) ("Louisiana law does not govern the right to a jury trial when suit is filed in a federal court. Louisiana courts have expressly held that statutes concerning the right to a jury trial are procedural."); *Landrum v. Bd. of Comm'rs of Orleans Levee Dist.*, 758 F. Supp. 387, 389 (E.D. La. 1991); *City of Bossier City v. Camp Dresser & McKee Inc.*, No. 11-0472, 2013 WL 12309837, at *2 (W.D. La. Feb. 13, 2013). This application by Louisiana federal courts corresponds with the Supreme Court's broader analysis of the jury-judge issue. *See Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 431–32 (1996) (discussing *Byrd v. Blue Ridge Rural Elec. Cooperative, Inc.,* 356 U.S. 525, 537 (1958)).

To this procedural issue, therefore, the federal rules apply, providing parties

with robust jury rights:

> The federal system is an independent system for administering justice to litigants who properly invoke its jurisdiction. An essential characteristic of that system is the manner in which, in civil common-law actions, it distributes trial functions between judge and jury and, under the influence—if not the command—of the Seventh Amendment, assigns the decisions of disputed questions of fact to the jury.

*Id.* (quoting *Byrd,* 356 U.S. at 537). Here, Plaintiff has requested trial by jury. (Rec. Doc. 1-1 at 18 (Petition); Rec. Doc. 1-1 at 59 (First Amended Petition)). The cited state procedural rule will not displace Plaintiff's request. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Bifurcate Bench Trial for the City of New Orleans by and through the New Orleans Aviation Board, and ACE Property and Casualty Insurance Company* **(Rec. Doc. 17)** is **DENIED**.

New Orleans, Louisiana, this 28th day of May, 2025.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE